IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,                    No. CIV S-08-2188-SPG (PC)

vs.

<u>ORDER</u>

T. FELKER, et al.,

    Defendants

_____/

       Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff submitted a "supplemental complaint" to the court on March 23, 2009, which this court will construe as an amendment to the complaint. Plaintiff previously amended the complaint in this action to add Lieutenant R. Plainer as a defendant. <u>See</u> Order Filed March 12, 2009. A plaintiff may amend his complaint before trial once as a matter of course, as long as he has not yet been served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Additional amendments require the opposing party's written consent or the court's leave, which is freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2).

       Plaintiff has explained that he has not exhausted his administrative appeals regarding the

1

PDF created with pdfFactory trial version www.pdffactory.com

allegations in the supplemental complaint because prison officials obstructed his efforts to do so. "It is unclear whether [courts] can read exceptions into the [Prison Litigation Reform Act's] exhaustion requirement." Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (contrasting Woodford v. Ngo, 548 U.S. 81, 103-04 (2006) (Breyer, J., concurring), with Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (noting that courts cannot "read futility or other exceptions into the statutory exhaustion requirements [of the Prison Litigation Reform Act] where Congress has provided otherwise")). The Ninth Circuit has stated in dicta that, if courts are allowed to read in exceptions to the exhaustion requirement, exceptions may be made if "administrative procedures were unavailable, [if] prison officials obstructed [the plaintiff's] attempt to exhaust[, or if the plaintiff] was prevented from exhausting because procedures for processing grievances weren't followed." Ngo, 539 F.3d at 1110.

      Here, Plaintiff has alleged that Correctional Officer C. White failed timely to convey several grievance forms to the proper administrative office and refused to provide an informal response to Plaintiff's grievance, thereby obstructing Plaintiff's efforts to exhaust administrative remedies. These allegations, which must be taken as true at this stage in the litigation, fit squarely into the exception for obstruction of the prisoner's attempt to exhaust. Because of the possibility of an exception to the exhaustion requirement, the court will allow Plaintiff to amend the complaint to add the allegations detailed in the supplemental complaint. This procedural ruling is not a definitive ruling on whether exceptions may be made to the exhaustion requirement.

      The supplemental complaint states cognizable claims for relief against some, but not all, of the defendants named therein. The document provides sufficient allegations that Captain P. Cochrane violated Plaintiff's constitutional rights by failing to respond to letters sent by Plaintiff complaining that he was in imminent danger and was requesting a transfer; he will be added as a defendant. Lieutenant R. Plainer is already a named defendant in this action; the factual allegations regarding him will be amended to include the allegations in the supplemental complaint. There are no factual allegations against Lieutenant A. Amero, so he or she will not be added as a defendant.

PDF created with pdfFactory trial version www.pdffactory.com

The court construes several of the allegations as asserting a claim for retaliation for filing prison grievances, which raises the constitutional question whether Plaintiff's First Amendment rights have been violated.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (noting that, even if the complaint does not expressly refer to the First Amendment, allegations that the plaintiff has been unfairly punished because he or she filed prison grievances states a valid claim under Federal Rule of Civil Procedure 8(a)).  Even construing the factual allegations in the complaint liberally, however, the factual allegations against M. Dangler, the prison appeals coordinator, fail to state a claim for retaliation.  Plaintiff has alleged only that the prison appeals coordinator "has a moral obligation and job duty as the appeals coordinator to investigate all claims of due process violations" raised by prisoners.  That, coupled with a conclusory allegation that Plaintiff's appeals have been "destroyed," without any further allegations that Dangler took any specific actions to destroy the appeals, is insufficient to state a claim for retaliation.  M. Dangler therefore will not be included as a defendant in this suit.

Plaintiff alleges that Correctional Officer C. White did not timely submit Plaintiff's appeals to the appeals coordinator and failed to provide Plaintiff with an informal response to Plaintiff's grievance against White, which was required in order to proceed with an administrative appeal. Although Plaintiff does not explicitly state that White's actions were taken in retaliation for Plaintiff's filing of grievances against White and other prison officials, the court will so infer because the facts suggest that White was purposely obstructing Plaintiff's attempt to obtain redress for White's alleged violation of Plaintiff's rights.  Officer C. White will therefore be added as a defendant in this action.

Two sets of allegations, if taken as true, are sufficient to state claims of violations of Plaintiff's due process rights.  Plaintiff alleges that Lieutenant J. Lawry conducted a disciplinary hearing that did not abide by various provisions of the California Code of Regulations, which provide that the prisoner should be assigned an investigative employee and/or staff assistant to assist in preparation; should be allowed to request that friendly and adverse witnesses attend the

PDF created with pdfFactory trial version www.pdffactory.com

hearing; and should be allowed to present evidence during the hearing.  Specifically, Plaintiff asserts that he was not assigned a staff assistant; was not allowed to call witnesses and question the reporting employee; and was not allowed to submit physical and documentary evidence.  These allegations are sufficient to state a claim for violation of due process rights.  See Wolff v. McDonnell, 418 U.S. 539, 566 (1974) (holding that an inmate facing disciplinary proceedings "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals").  Lieutenant J. Lawry will therefore be added as a defendant in this action.

Additionally, Plaintiff alleges that Correctional Officers Chad Nelson, T. Cobb, Kimberly Lowther, and A. Zinn submitted false documents regarding whether Plaintiff refused to attend a scheduled disciplinary hearing.  Plaintiff states that those individuals submitted the false documents in order to extend Plaintiff's term in the prison's segregated housing unit.  Those allegations, if taken as true, state a claim for a violation of Plaintiff's due process rights in connection with the scheduled disciplinary hearing.  Officers Chad Nelson, T. Cobb, Kimberly Lowther, and A. Zinn will be added as defendants in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to amend the complaint to add allegations against new defendants P. Cochrane, J. Lawry, C. White, Chad Nelson, T. Cobb, Kimberly Lowther, and A. Zinn, and against existing defendant R. Plainer.

2. The court has received Plaintiff's letter stating that some of the documents that he previously mailed to the court were damaged in the mail.  The court has received eight summonses and eight copies of the complaint, but no USM-285 forms.  The Clerk shall send Plaintiff 26 new USM-285 forms.  Plaintiff is instructed to fill out one USM-285 form for each defendant, including those individuals added as defendants by this order.  Plaintiff must also submit 18 additional copies of the complaint (including the supplemental complaint) so that the court has 26 copies of the original complaint and the supplemental complaint in total.  If the 8

PDF created with pdfFactory trial version www.pdffactory.com

copies sent earlier do not include the supplemental complaint, Plaintiff must send 8 additional copies of the supplemental complaint as well.  Plaintiff has 30 days from the date of this order to submit to the court 26 completed USM-285 forms, 18 additional copies of the complaint (plus 8 copies of the supplemental complaint to complete the eight copies already sent, if they were not included previously), and a notice of submission of documents.  Plaintiff need not submit additional summonses.  **Plaintiff's failure to abide by this deadline, or to apprise the court of good cause why he cannot meet the deadline, may lead to dismissal of this action**.

DATED: June 10, 2009

    /s/ Susan P. Graber

UNITED STATES CIRCUIT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com