IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,       No. CIV S–08-2188-SPG (PC)

    vs.

T. FELKER, et al.,      ORDER DIRECTING SERVICE
              BY THE UNITED STATES MARSHAL
    Defendants.      WITHOUT PREPAYMENT OF COSTS

          /

    Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By orders filed on February 25, 2009, March 12, 2009, and June 10, 2009, the court determined that plaintiff's amended complaint states a cognizable claim for relief against defendants T. Felker, T. Perez, D. Vanderville, M. Runnels, A. Audette, R. Ingwerson, J. Ginder, N. Albonico, G. Speers, M. Beutler, D. Neimann, L. Betti, J. Wright, A. Gorby, H. Cottrell, D. Medina, J. Clark, R. Shaw, R. Plainer, P. Cochrane, J. Lawry, C. White, C. Nelson, T. Cobb, K. Lowther, and A. Zinn, and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint and supplemental complaint for service, and a notice of compliance. Plaintiff has filed the required papers.

    Accordingly, IT IS HEREBY ORDERED that:

1

1. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, copies of the amended complaint and copies of this order to the United States Marshal.

2. Within ten days from the date of this order, the United States Marshal is directed to notify the defendants listed above of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c).

3. The United States Marshal is directed to retain the sealed summons and a copy of the complaint and supplemental complaint in their file for future use.

4. The United States Marshal shall file returned waivers of service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

5. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections ("CDC") to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and amended complaint and for preparing new USM-285

forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. Defendants shall reply to the amended complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

7. Discovery shall not proceed until the court issues a discovery order.  Generally, a discovery order will issue after defendants file their answer.

8. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59, and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

9. If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #8 above regardless of plaintiff's custodial status. See Local Rule 1-102(d).

10. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendants pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  Defendants may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

1  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
2  the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve
3  and file one or more affidavits or declarations by other persons who have personal knowledge of
4  relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the
5  records are what plaintiff claims they are.  If plaintiff fails to contradict defendants' evidence
6  with admissible evidence, the court may rely on defendants' evidence.  In the event both sides
7  submit matters outside the pleadings, the court may look beyond the pleadings and decide
8  disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the
9  court may consider the failure to act as a waiver of opposition to defendants' motion.  If
10 defendants' motion to dismiss, whether opposed or unopposed, is granted, plaintiff's
11 unexhausted claims will be dismissed without prejudice.

12             11.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
13 and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), plaintiff is advised of the
14 following requirements for opposing a motion for summary judgment made by defendants
15 pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an
16 order for judgment in favor of defendants without trial.  A defendant's motion for summary
17 judgment will set forth the facts that defendants contend are not reasonably subject to dispute and
18 that entitle defendants to judgment.  To oppose a motion for summary judgment, plaintiff must
19 show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.
20 Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the
21 complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to
22 the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve
23 and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove
24 plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge
25 of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the
26 records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript

1  of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.
2  If plaintiff fails to contradict defendants' evidence with counteraffidavits or other admissible
3  evidence, defendants' evidence may be taken as the truth and defendants' motion for summary
4  judgment granted.  If there is some good reason why such facts are not available to plaintiff when
5  required to oppose a motion for summary judgment, the court will consider a request to postpone
6  considering defendants' motion.  If plaintiff does not serve and file a written opposition to the
7  motion or a request to postpone consideration of the motion, the court may consider the failure to
8  act as a waiver of opposition to defendants' motion.  If defendants' motion for summary
9  judgment, whether opposed or unopposed, is granted, judgment will be entered for defendants
10 without a trial and the case will be closed.

11             12.  A motion or opposition supported by unsigned affidavits or declarations will
12 be stricken.

13             13.  Each party shall keep the court informed of a current address at all times
14 while the action is pending.  Any change of address must be reported promptly to the court in a
15 separate document captioned for this case and entitled "Notice of Change of Address."  A notice
16 of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f),
17 service of documents at the address on record of a party is fully effective.  Failure to inform the
18 court of a change of address may result in the imposition of sanctions including dismissal of the
19 action.

20             14.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of
21 Court.
22 //
23 //
24 //
25 //
26 //

1      15.  The failure of any party to comply with this order, the Federal Rules of Civil
2  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but
3  not limited to, dismissal of the action or entry of default.
4  DATED:  August 11, 2009

6                                    /s/ Susan P. Graber
                                     UNITED STATES CIRCUIT JUDGE