IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD THOMAS,

    Plaintiff,

vs.

T. FELKER, et al.,

    Defendants.

                                        /

No. CIV S–08-2188-SPG (PC)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**I. Background**

    **A. Procedural History**

    On September 17, 2008, Plaintiff Edward Thomas, a state prisoner incarcerated at California's High Desert Prison, proceeding without counsel, filed this civil rights action under 42 U.S.C. § 1983. Clerk's Record, Docket No. 1 ("Doc." 1.). Plaintiff was confined at the time of the events giving rise to the complaint. Plaintiff seeks monetary damages and injunctive relief. This court determined that the complaint stated four cognizable claims for relief: (1) denial of due process regarding a lack of opportunity to pursue administrative appeals and grievances; (2) excessive force; (3) denial of due process because of inadequate medical care; and (4) retaliation against him for filing administrative appeals. (Doc. 23.) The complaint named Defendants Tom

1  Felker, T. Perez, D. Vanderville, M. Runnels, A. Audette, R. Ingwerson, J. Ginder, N. Albonico,
2  G. Speers, M. Beutler, D. Neiman, L. Betti, J. Wright, A. Gorby, H. Cottrell, David Medina, J.
3  Clark, and R. Shaw.  (Doc. 1.)  On March 9, 2009, Plaintiff amended his complaint to add
4  Defendant R. Plainer.  (Doc. 25; Doc. 27.)

5        On March 23, 2009, Plaintiff filed a "supplemental complaint," which the court construed
6  as a motion for leave to amend his complaint.  (Doc. 29.)  The court determined that Plaintiff had
7  stated cognizable claims and granted leave to amend the complaint to add allegations against
8  Defendant Plainer and against new Defendants P. Cochrane, J. Lawry, C. White, Chad Nelson, T.
9  Cobb, Kimberly Lowther, and A. Zinn.  (Doc. 46.)

10        Four motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are now pending
11  before the court.

12        On October 14, 2009, Defendants Ginder, Albonico, Speers, Beutler, Neimann, Gorby,
13  Clark, Cottrell, Cochrane, and White filed a motion to dismiss Plaintiff's state-law claims for
14  failure to plead compliance with California's Government Claims Act ("Motion I").  (Doc. 53.)
15  On November 4, 2009, Plaintiff filed an opposition to Motion I.  (Doc. 56.)  Defendants Ginder et
16  al. filed a reply to Plaintiff's opposition on November 9, 2009.  (Doc. 57.)

17        On October 16, 2009, Defendant Medina filed a motion to dismiss Plaintiff's state-law
18  claims for failure to plead compliance with the California Government Claims Act ("Motion II").
19  (Doc. 54.)  Under Eastern District of California Local Rule 230(l), Plaintiff had 21 days to
20  respond to the motion. Plaintiff did not respond to Motion II.  "Failure of the responding party to
21  file opposition . . . may be deemed a waiver of any opposition to the granting of the motion . . . ."
22  E.D. Cal. Local R. 230(l).  This court could deem Plaintiff's silence to be a waiver of any
23  opposition to Motion II.  However, Motion II raises the same legal issue already raised by Motion
24  I, and Plaintiff opposed Motion I.  Because the legal issue is identical, this court will deem
25  Plaintiff's opposition of November 4, 2009, to be in opposition to Motion II also.
26        On November 23, 2009, Defendants Ginder, Albonico, Speers, Beutler, Neimann, Gorby,

1  Clark, Cottrell, Cochrane, White, Medina, Vanderville, Audette, Ingwerson, Betti, Wright, Cobb,
2  Lowther, Zinn, Felker, Perez, and Nelson filed a motion to dismiss certain of Plaintiff's claims
3  against certain Defendants for failure to state a claim upon which relief can be granted ("Motion
4  III"). (Doc. 60.) On December 14, 2009, Plaintiff filed "Plaintiff[']s Secondary (2nd)
5  Objection/Opposition to Defendants['] Motion to Dismiss," which opposed the November 23,
6  2009, motion to dismiss. (Doc. 64.)

7  On December 22, 2009, Defendants Shaw and Lawry filed a motion to dismiss certain of
8  Plaintiff's claims for failure to state a claim upon which relief could be granted ("Motion IV").
9  (Doc. 65.) Plaintiff had 21 days to respond to the motion. E.D. Cal. Local R. 230(l). Plaintiff
10 failed to respond to Motion IV. The motion raised the same legal issue already raised by Motions
11 I and II. Motion IV also raised two issues previously raised by Motion III, which Plaintiff
12 opposed on December 14, 2009. Therefore, the court will deem Plaintiff's oppositions of
13 November 4, 2009, and December 14, 2009, to be in opposition to Motion IV also.

14 **B. Summary of Alleged Facts**

15 Plaintiff alleges that he was assaulted by Defendants Beutler, Betti, and Neimann on May
16 17, 2008, that they threatened to retaliate against him if he reported their actions, and that prison
17 staff delayed treatment for his injuries. (Doc. 1, at 7-10.) He alleges that when he reported the
18 assault, Defendants Ginder and Albonico threatened him and tried to bribe him into withdrawing
19 his report. (Doc. 1, at 11.) Plaintiff alleges that Defendants Audette and Ingwerson made false
20 reports to cover up the assault, instead of conducting an impartial investigation into it. (Doc. 1, at
21 19.)

22 Plaintiff alleges that prison officials filed a false disciplinary report against him after he
23 reported the assault. He alleges that Defendant Lawry conducted the disciplinary hearing without
24 allowing Plaintiff the assistance of staff, the right to call witnesses or question the reporting
25 employee, or the right to submit evidence. (Doc. 29, at 6.) Plaintiff alleges that prison officials,
26 including Defendant White, interfered with his efforts to exhaust administrative remedies

regarding this disciplinary hearing.  (Doc. 29, at 10.)

Plaintiff alleges that on June 20, 2008, he was assaulted by Defendants Wright, Gorby, and Cottrell, and that they threatened to retaliate against him if he reported this second assault. (Doc. 1, at 13-14.)  Plaintiff alleges that Defendant Clark had substituted a cracked cane for Plaintiff's cane, so that when Plaintiff attempted to stand after the assault, the cane broke, and he fell. (Doc. 1, at 15.)  Plaintiff alleges that Defendants Wright, Gorby, and Clark accused him of faking his injuries and refused to obtain medical treatment for him.  (Doc. 1, at 15-16.)  Plaintiff also alleges that Defendant Speers laughed at him and did not get medical help.  (Doc. 1, at 16.)  Plaintiff alleges that when he slid his broken cane out under his cell door at Defendant Wright's request, Defendant Wright falsely accused Plaintiff of attacking Defendant Wright.  (Doc. 1, at 16.) Plaintiff alleges that Defendants Medina, Speers, Shaw, and Clark falsified medical reports to cover up the incident.  (Doc. 1, at 16-17, 20-22.)  Plaintiff alleges that he received inadequate medical care after the incident.  (Doc. 1, at 21-22.)  Plaintiff alleges that, after the incident, Defendant Gorby confiscated Plaintiff's personal property.  (Doc. 1, at 20.)

Plaintiff alleges that Defendant Plainer was responsible for a disciplinary hearing after the second assault, at which Plaintiff was found to have assaulted Defendant Wright with the broken cane.  (Doc. 29, at 12.)  Plaintiff alleges that this disciplinary hearing did not take place or considered falsified reports prepared by or false testimony from Defendants Plainer, Nelson, Cobb, and Zinn.  (Doc. 29, at 13-18.)

Plaintiff alleges that he informed Defendants Felker, Perez, Vanderville, Runnels, and Cochrane either of the assaults or that he was in fear for his safety, but they did not protect him. (Doc. 1, at 17-19; Doc. 29, at 7-9)  He also alleges that Defendants Runnels and Vanderville knew that he was in danger after he reported the first assault, but did not protect him.  (Doc. 1, at 20.)

Plaintiff alleges that Defendants interfered with or did not respond to his attempts to file administrative grievances regarding the assaults.  (Doc. 1, at 22-23.)

## II. Analysis

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In considering a Rule 12(b)(6) motion, the court must accept as true the factual allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In addition, the pleadings of a litigant proceeding without counsel should be construed liberally. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim must have facial plausibility to survive a motion to dismiss, and facial plausibility arises when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The court considers attachments to a complaint to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). However, if the court considers evidence outside the pleadings in order to grant or deny the motion, a motion to dismiss is converted into a motion for summary judgment. Id. at 907. Therefore, this court will not consider any evidence beyond the complaint and its attachments, specifically disregarding Plaintiff's allegation in his opposition of November 4, 2009, that he had complied with California's Government Claims Act, and the attachments to that opposition.

### B. Motions to Dismiss

#### 1. Due Process Violation in Administrative Grievance Process

Plaintiff claims that he has been denied his right to file administrative appeals and grievances in violation of the Due Process Clause of the Fourteenth Amendment. Motions III and IV seek dismissal of this due process claim because Plaintiff does not have a due process right to an administrative grievance process.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure."). Because Plaintiff has no due process right, Defendants' alleged actions could not violate the Due Process Clause.

The court acknowledges that its order of February 24, 2009, recognized this due process claim. However, the court may reconsider its interlocutory orders at any time. Fed. R. Civ. P. 54(b). In its discretion, the court now reconsiders and reverses its earlier conclusion that Plaintiff has stated a due process claim for relief arising from Defendants' alleged interference with Plaintiff's administrative grievances.

The court wishes to make clear that this reconsideration applies only to the due process claim stemming from the grievance process, rather than to the due process claim--stated in Plaintiff's second amended complaint--arising from Plaintiff's disciplinary hearings. An inmate does have procedural due process rights in a disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 566 (1974).

Accordingly, this court GRANTS Defendants' motions to dismiss Plaintiff's due process claim arising from the administrative appeal and grievance process and orders that the claim be dismissed as to all Defendants without leave to amend.

**2. Excessive Force**

Plaintiff claims that Defendants used excessive force against him in violation of the Eighth Amendment. Motions III and IV seek dismissal of this claim against Defendants Albonico, Audette, Clark, Cobb, Ginder, Ingwerson, Lowther, Medina, Nelson, Shaw, Speers, White, and Zinn. These Defendants argue that Plaintiff has not alleged that they participated in the assaults nor that they were informed of the threat to his safety and failed to prevent an assault.

A state official is liable under 42 U.S.C. § 1983 only if he or she proximately caused the violation of a plaintiff's constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

An official may be liable for personally participating in the violation. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Use of excessive force against a prisoner violates the Eighth Amendment. <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th Cir. 2002). A prison official also violates the Eighth Amendment if the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Therefore, an official can be liable for failing to intervene if he or she is present when another official uses excessive force against a prisoner. <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff does not allege use of excessive force by any of these Defendants. Plaintiff alleges that Defendants Albonico and Ginder placed him in the law library holding cage during the investigation of the first assault, but he does not allege that they used force against him. Plaintiff alleges that Defendant Clark switched his cane for a cracked cane and that he fell as a result. However, Plaintiff does not allege that Defendant Clark knew that the cane was cracked and unsafe, so the mere substitution of medical equipment does not constitute use of force. Finally, Plaintiff alleges that Defendants Cobb, Ginder, Ingwerson, Lowther, Medina, Nelson, Shaw, and Zinn falsified reports or otherwise assisted in covering up the assaults against him. However, Plaintiff has not alleged that any of these Defendants knew ahead of time that Plaintiff was at risk of further assault and failed to prevent it. Thus, the alleged coverup does not constitute disregard of a known excessive risk to Plaintiff's safety. Plaintiff makes no allegations relating to use of excessive force by Defendants Audette, Speers, and White. The court concludes that Plaintiff has failed to state a claim for use of excessive force by Defendants Albonico, Audette, Clark, Cobb, Ginder, Ingwerson, Lowther, Medina, Nelson, Shaw, Speers, White, and Zinn.

Accordingly, this court GRANTS the motions to dismiss Plaintiff's excessive force claim against Defendants Albonico, Audette, Clark, Cobb, Ginder, Ingwerson, Lowther, Medina, Nelson, Shaw, Speers, White, and Zinn, and orders that the claim be dismissed with leave to amend within 60 days.

### 3. Deliberate Indifference to Medical Needs

Plaintiff claims that Defendants violated the Eighth Amendment by failing to provide him medical care. Motion III seeks dismissal of this claim against Defendants Albonico, Audette, Cobb, Cochrane, Felker, Ginder, Ingwerson, Lowther, Nelson, Perez, Speers, Vanderville, White, and Zinn. These Defendants argue that Plaintiff has not alleged that they were aware of his serious need for medical treatment.

A prison official violates the Eighth Amendment if the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Deliberate indifference to a prisoner's serious medical needs constitutes a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05 (footnotes omitted). An official does not act with deliberate indifference if the official disregards a risk of which he or she is not aware. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff does not allege that any of these Defendants, except for Defendant Speers, was aware of his need for medical care. Plaintiff alleges that, after the second alleged assault, when he had a large contusion over his left eye and suffered from vertigo, Defendant Speers "kept walking by [Plaintiff's] cell door looking inside and laughing at [Plaintiff]," but did not "ever attempt[] to make an effort to summon medical attention." (Doc. 1, at 16). Deliberate indifference to medical needs may be shown by circumstantial evidence. Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003). Plaintiff has alleged that Defendant Speers was laughing at him, which would demonstrate either (1) that Speers was either aware of the beating or the subsequent fall, or (2) that Plaintiff's appearance or behavior were significantly abnormal and that Speers was aware of this. Thus, Plaintiff has sufficiently alleged that Defendant Speers was aware of his need for medical care. Plaintiff has stated a claim against Defendant Speers for deliberate indifference to Plaintiff's serious medical needs.

Accordingly, this court GRANTS the motion to dismiss the deliberate indifference claim

against Defendants Albonico, Audette, Cobb, Cochrane, Felker, Ginder, Ingwerson, Lowther, Nelson, Perez, Vanderville, White, and Zinn, and orders that the claim be dismissed with leave to amend within 60 days. This court DENIES Defendants' motion to dismiss the deliberate indifference claim against Defendant Speers.

### 4. Government Claims Act

Plaintiff's second amended complaint brings state-law claims. Motions I, II, III, and IV seek dismissal of these claims because Plaintiff has not pleaded compliance with the California Government Claims Act.

The California Government Claims Act requires that all claimants seeking monetary damages from a state entity must submit an administrative claim before filing suit. Cal. Gov't Code §§ 900.2, 905, 905.2, 910, 911.2, 945.4, 950-50.2. Timely presentation of the administrative claim is a condition precedent to suit and is an element of the cause of action. Shirk v. Vista Unified Sch. Dist., 164 P.3d 630, 634 (Cal. 2007). The claim must have been both presented and rejected. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Sparks v. Kern County Bd. of Supervisors, 93 Cal. Rptr. 3d 173, 176 (Ct. App. 2009). A plaintiff bringing suit on a claim subject to the Government Claims Act "must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint . . . fail[s] to state facts sufficient to constitute a cause of action." State v. Superior Court (Bodde), 90 P.3d 116, 122 (Cal. 2004). The requirement of pleading compliance applies even in federal court. Karim-Panahi v. L. A. Police Dep't, 839 F.2d 621 (9th Cir. 1988). However, the claim presentation requirement of the Government Claims Act "is inoperative in an action brought under section 1983." Williams v. Horvath, 548 P.2d 1125, 1130 (Cal. 1976).

Plaintiff's complaint seeks monetary damages from state officials. The state-law claims, therefore, are subject to the Government Claims Act. His complaint does not allege facts demonstrating compliance with the claims presentation requirement—namely, the date on which he filed a claim, its subject, the date on which it was resolved, and the administrative board's

decision. Nor does his complaint plead an excuse. Plaintiff's opposition of November 9, 2009, alleges that he filed three administrative claims. On a motion to dismiss, the court will not consider evidence outside the pleadings. <u>Ritchie</u>, 342 F.3d at 908. Therefore, Plaintiff's state-law claims must be dismissed.

However, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend." <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Plaintiff argues in his opposition that he filed three administrative claims. Exhibits attached to Plaintiff's opposition demonstrate the resolution of two of the claims, but not the third. One exhibit shows that the administrative board rejected a claim on October 23, 2008. This claim was rejected before March 23, 2009, when Plaintiff amended his complaint to include state-law claims. Thus, as to the subject of the claim rejected in October, Plaintiff may have complied with the requirement that a claim be presented and rejected before bringing suit. He may be able to amend his complaint to allege compliance with the Government Claims Act as to some of his state-law claims.

Accordingly, this court GRANTS Defendants' motions to dismiss the state-law claims and orders that the claims be dismissed as to all Defendants with leave to amend within 60 days.

**III. Conclusion and Order**

For the foregoing reasons, the court hereby:

1. GRANTS the motions to dismiss Plaintiff's due process claim arising from the administrative grievance process and dismisses the claim as to all Defendants with prejudice;

2. GRANTS, with leave to amend within 60 days, the motions to dismiss Plaintiff's excessive force claim against Defendants Albonico, Audette, Clark, Cobb, Ginder, Ingwerson, Lowther, Medina, Nelson, Shaw, Speers, White, and Zinn;

3. GRANTS, with leave to amend within 60 days, the motion to dismiss the deliberate indifference claim against Defendants Albonico, Audette, Cobb, Cochrane, Felker, Ginder, Ingwerson, Lowther, Nelson, Perez, Vanderville, White, and Zinn;

4. DENIES the motion to dismiss the deliberate indifference claim against Defendant Speers; and

5. GRANTS, with leave to amend within 60 days, the motions to dismiss the state-law claims as to all Defendants.

IT IS SO ORDERED.

DATED: January 22, 2010

      /s/ Susan P. Graber
UNITED STATES CIRCUIT JUDGE